IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:09cr83DPJ-LRA

EARLINE Y. RAWLS  18 U.S.C. § 371
a/k/a EARLENE RAWLS  18 U.S.C. § 1344

**The Grand Jury charges:**

COUNT 1

1. Beginning on or about August 11, 2006, to March 29, 2007, in Hinds County in the Jackson Division of the Southern District of Mississippi and elsewhere, the defendant, **EARLINE Y. RAWLS**, a/k/a Earlene Rawls, did knowingly and willfully conspire, confederate, and agree, together with others known and unknown to the Grand Jury, to commit the following offense against the Unites States:

To knowingly execute or attempt to execute a scheme or artifice to defraud a financial institution, and to obtain any of the moneys, funds, credits, assets, securities or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises, in violation of Section 1344, Title 18, Unites States Code.

2. Beginning in 2006, defendant **RAWLS**, together with co-conspirators known and unknown to the Grand Jury, devised a scheme involving the purchase of residential real estate, with the primary objective of the conspiracy being the fraudulent diversion and division of lender funds before, during and after loan closings.

1

3. It was part of the conspiracy that Defendant **RAWLS** and her co-conspirators would consummate loan closings through the production and use of fraudulent documents, false information, and misrepresentations.

4. It was further part of the conspiracy that defendant **RAWLS** and other co-conspirators prepared and submitted false and fraudulent information in loan applications and supporting documents to lenders through direct contact with financial institutions, mortgage brokers, loan closing attorneys, and other co-conspirators, with the intention of inducing reliance on the false and fraudulent information in connection with loan approvals and real property conveyances.

5. It was part of the conspiracy that defendant **RAWLS** employed false and fraudulent misrepresentations including, but not limited to, information regarding the income, assets, employment and primary residence status of defendant **RAWLS**, along with the fraudulent concealment of loan proceeds, disbursements, or other financial remuneration paid to co-conspirators as compensation in furthering the objectives of the conspiracy.

6. It was part of the conspiracy that defendant **RAWLS** and her co-conspirators fraudulently schemed to withhold vital information from lending institutions, and made fraudulent misrepresentations and omissions relative to the mortgage lending applications and other loan closing documents at all relevant times, upon which the financial institutions relied.

7. It was part of the conspiracy that defendant **RAWLS** would create "Heavenly Homes, LLC" as an alter-ego limited liability company with the Mississippi Secretary of State, designating herself as the president of that company. Defendant **RAWLS** and her co-conspirators would manufacture a fraudulent "statement of income" which falsely reflected that defendant **RAWLS**, d/b/a Heavenly Homes, LLC received $1,301,689.00 in total revenue; expended

$930,314.00 in purchases related to the cost of revenue; and realized $271,530.00 in net profit from January 1, 2006 through November 20, 2006.

8. It was part of the conspiracy that defendant **RAWLS** and her co-conspirators would manufacture a fraudulent individual form 1040 tax return which falsely reflected that defendant **RAWLS** earned $297,437.00 in adjusted gross income through self employment in 2006. Separate 2004 and 2005 individual form 1040 tax returns were manufactured by defendant **RAWLS** and her co-conspirators which reflected adjusted gross income of $246,805.00 and $262,429.00, respectively, through her self employment with Heavenly Homes, LLC. All financial representations reflected in the above financial statement and tax returns were material misrepresentations which defendant **RAWLS** and her co-conspirators affirmatively used in influencing and securing loans and consummating residential property conveyances in furtherance of their common scheme.

## OVERT ACTS

In furtherance of the unlawful conspiracy, and in order to accomplish the common objectives thereof, the following overt acts, among others, were committed:

9. On or about August 11, 2006, defendant **RAWLS** and her co-conspirators provided fraudulent tax returns and bank statements for the purchase of real property otherwise described as 615 Walnut Grove; Pearl, MS 39208 to Merchants and Farmers Bank. Defendant **RAWLS** and her co-conspirators further misrepresented her employment, primary residence status, and monthly income, causing Merchants & Farmers Bank to fund a first mortgage in the amount of $225,000.00. The material misrepresentations and false documentation submitted by defendant **RAWLS** and her co-conspirators to Merchants & Farmers Bank influenced and induced loan approval which would otherwise have been denied. Defendant **RAWLS** defaulted on the loan, and the property was

subsequently foreclosed by the Federal Home Loan Mortgage Corporation.

10. On or about November 13, 2006, defendant **RAWLS** and her co-conspirators provided fraudulent tax returns for the purchase of real property otherwise described as 104 Lake Hollow Place; Clinton, MS 39056 to Community Bank of Mississippi. Defendant **RAWLS** and her co-conspirators further misrepresented her employment, primary residence status, and monthly income, causing Community Bank of Mississippi to fund a first mortgage in the amount of $212,000.00, and a second mortgage in the amount of $53,000.00. The material misrepresentations and false documentation submitted by defendant **RAWLS** and co-conspirators to Community Bank of Mississippi influenced and induced loan approval which would otherwise have been denied. Thereafter, defendant **RAWLS** and her co-conspirators involved with this transaction split in excess of $66,500.00 in fraudulent loan disbursements. Following loan default by defendant **RAWLS**, the subject property was foreclosed by Homecoming Financial.

11. On or about March 23, 2007, defendant **RAWLS** and her co-conspirators provided fraudulent tax returns, bank statements and residential lease agreements for the purchase of real property otherwise described as 160 Johnstone Drive; Madison, MS 39110 to Bancorp South, defendant **RAWLS** and her co-conspirators manufactured fraudulent bank statements which reflected an average daily cash balance in excess of $120,000.00 from December 1, 2006 through January 31, 2007. Defendant **RAWLS** and her co-conspirators further misrepresented her monthly income, employment, primary residence status, and assets, causing BancorpSouth to fund a first mortgage in the amount of $488,000.00, and a second mortgage in the amount of $122,000.00. The material misrepresentations and false documentation submitted by defendant **RAWLS** and her co-conspirators to BancorpSouth fraudulently influenced and induced loan approval which would

otherwise have been denied. Thereafter, defendant **RAWLS** and her co-conspirators involved with this transaction split in excess of $89,000.00 in fraudulent loan disbursements. Following loan default, the subject property was foreclosed.

All in violation of Section 371, Title 18, United States Code.

## COUNTS 2-6

12.    The allegations contained in paragraphs 1-11 of this indictment are hereby realleged and incorporated by reference herein as if fully reproduced in this paragraph.

13.    Beginning on or about August 11, 2006, to March 29, 2007, in Hinds County in the Jackson Division of the Southern District of Mississippi and elsewhere, the defendant, **EARLINE Y. RAWLS**, a/k/a Earlene Rawls, aided and abetted by others known and unknown to the Grand Jury, knowingly devised and executed a scheme and artifice to defraud various financial institutions and to obtain money and funds under the custody or control of various financial institutions, the deposits of which were then and there insured by the Federal Deposit Insurance Corporation (hereinafter, "FDIC"), by means of materially false and fraudulent pretenses, promises or representations. Defendant **RAWLS** and others caused submission of materially false and fraudulent documents and information to the various FDIC insured lending institutions for the unlawful intended purpose of influencing and inducing loans for the conveyance of real property.

14.    In furtherance of the common scheme and artifice to defraud, on or about the dates listed below, Defendant **RAWLS,** aided and abetted by others known and unknown to the United States Attorney, executed promissory notes and deeds of trust in favor of Merchants and Farmers Bank, Community Bank of Mississippi, and BancorpSouth, as follows:

| Count | Date | Loan # & Lender | Amount | Collateral |
|---|---|---|---|---|
| 2 | 08/11/06 | RAWLSE06<br>Merchants & Farmers Bank | $225,000.00 | 615 Walnut Grove<br>Pearl, MS 39208 |
| 3 | 11/13/06 | XXXXXX8469<br>Community Bank of MS | $212,000.00 | 104 Lake Hollow Place<br>Clinton, MS 39056 |
| 4 | 11/13/06 | XXXXXX8470<br>Community Bank of MS | $53,000.00 | 104 Lake Hollow Place<br>Clinton, MS 39056 |
| 5 | 03/23/07 | XXXXXX6300<br>BancorpSouth | $488,00000 | 160 Johnstone Drive<br>Madison, MS 39110 |
| 6 | 03/23/07 | XXXXXX6317<br>BancorpSouth | $122,000.00 | 160 Johnstone Drive<br>Madison, MS 39110 |

All in violation of Sections 1344 and 2, Title 18, United States Code.

for STAN HARRIS
United States Attorney

A TRUE BILL:
S/Signature Redacted
Foreperson of the Grand Jury